Filed 11/18/14  P. v. Walker CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060486 |
| v. | (Super.Ct.No. RIF1202613) |
| JARRETT WALKER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Christian F. Thierbach, Judge.  Affirmed.

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Jarrett Walker is serving two concurrent terms of 15 years to life for orally copulating his friend's six-year-old sister.  For the reasons discussed below, we affirm the conviction and sentence.

1

## FACTS AND PROCEDURE

On June 5, 2012, the defendant, who was 19 years old at the time, was staying in a friend's home after having a disagreement with his parents. The friend was the primary caretaker of his younger brother and sister while their mother worked. That afternoon, the friend left home to pick up his younger brother from school, leaving his six-year-old sister at home with his grandfather and defendant. During that time, according to the sister, defendant orally copulated her twice—once in a downstairs office and again in her bedroom upstairs. The sister immediately told her older brother what had happened when he returned home a short time later. Defendant was arrested and interviewed. During the interview, he eventually confessed to having briefly orally copulated the girl a single time. Forensic evidence indicated DNA consistent with defendant's DNA was found on the girl's genital area.

On July 22, 2013, the People filed an information alleging in both counts 1 and 2 that defendant orally copulated a child under the age of 10 (Pen. Code, § 288.7, subd. (b)).

On December 12, 2013, a jury convicted defendant on both counts. When the victim was testifying at trial, the prosecutor asked if she saw defendant in the courtroom. The victim stated she was not wearing her glasses, and that she was not sure, but she thought she saw defendant sitting two rows back from the defense table. The person she pointed to was not defendant, but his older brother.

On January 10, 2014, the trial court sentenced defendant to 15 years to life on count 1 and a concurrent term of 15 years to life on count 2.

2

This appeal followed.

## DISCUSSION

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case and identifying one potential arguable issue: whether the trial court erred when it denied defendant's motion under *People v. Marsden* (1970) 2 Cal.3d 118.

Defendant was offered an opportunity to file a personal supplemental brief, which he has done. In a handwritten supplemental brief, defendant argues: 1) the police should have considered defendant's brother as a suspect; 2) the victim's brother testified he was gone from the home for about ten minutes, which defendant argues was not enough time for him to commit the two crimes; 3) the details of the crime(s) in defendant's confession do not match the details given by the victim; and 4) defense counsel was incompetent because she did not address these issues when cross-examining witnesses.

Defendant argues police should have investigated his brother as a possible subject, given that his brother lived near the home where the crimes took place, that he resembled defendant enough to confuse the witness at trial, and that his DNA was likely similar to defendant's DNA. However, the investigation of a law enforcement body is not the judgment or order of a lower court, and so is not a proper subject for appeal (Code Civ. Proc., § 904.1) and so we cannot consider this argument.

3

Defendant's second and third contentions are in effect challenges to the sufficiency of the evidence. In reviewing the sufficiency of the evidence, we " 'review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.]" (*People v. Avila* (2009) 46 Cal.4th 680, 701.) Here, the victim testified that defendant orally copulated her twice while her brother was gone. In addition, the victim's brother testified that the victim told him about the crimes immediately upon his return to the home. The jury also saw a video of the victim describing the crimes in a forensic interview conducted the day after the crimes. The jury was entitled to believe this testimony, which in addition was supported by DNA evidence. We have reviewed the testimony and find more than sufficient evidence to support the verdict.

Next, we address defendant's claim that defense counsel was incompetent. A defendant who wants to establish a claim of ineffective assistance of counsel (IAC) must demonstrate, "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result. [Citations.] A 'reasonable probability' is one that is enough to undermine confidence in the outcome. [Citations.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541, citing, among other cases, *Strickland v. Washington* (1984) 466 U.S. 668; accord, *People v.*

*Boyette* (2002) 29 Cal.4th 381, 430.) Hence, an IAC claim has two components: deficient performance and prejudice. (*Strickland v. Washington*, *supra*, at pp. 687-688, 693-694; *People v. Williams* (1997) 16 Cal.4th 153, 214-215; *People v. Davis* (1995) 10 Cal.4th 463, 503; *People v. Ledesma* (1987) 43 Cal.3d 171, 217.) If defendant fails to establish either component, his claim fails. When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no satisfactory explanation. (*People v. Pope* (1979) 23 Cal.3d 412, 426.)

In this case, defendant argues defense counsel rendered IAC because she did not attempt to establish defendant's brother as a possible suspect, did not address the effect of the victim's brother's testimony about being gone for only ten minutes on the timeline for the crimes, and did not address the difference between defendant's confession and the victim's testimony.

Regarding the defendant's brother as a possible suspect, defense counsel did cross-examine the victim about when defendant's brother was present on the day of the crimes. The victim answered that the brother was present after the crimes were committed but before the police took defendant away in a police car. Defense counsel addressed this issue again on re-cross, getting the victim to state that defendant and his brother looked a lot alike. Defense counsel attempted, but was unable to, shake the victim's statement that she was sure that the man she saw being placed in the police car was defendant, and that was the same person who did "bad things" to her. Defense counsel also cross-examined the victim's older brother about whether defendant's brother was in the home before the

5

victim's older brother left to pick up his younger brother, and how long it would have taken defendant's brother to drive from his own home to the victim's home where the crimes took place. Defense counsel got the DNA analyst to testify on cross-examination that there was a good chance that defendant's brother's DNA would be consistent with the DNA found on the victim's genitalia, because defendant and his brother had the same mother and father. Defense counsel also discussed this point during closing arguments. Also during closing arguments, defense counsel discussed the victim's misidentification of defendant's brother during the victim's testimony.

Regarding the time discrepancy, defense counsel addressed this during closing arguments in an attempt to create reasonable doubt.

Regarding the difference between defendant's description of events and that of the victim, defense counsel discussed this during closing argument.

Based on the record, there is nothing to indicate that the performance of defendant's counsel was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms. Defendant's IAC claim fails.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

6

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.